IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| SCOTT MCARDLE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:09-CV-927-WKW [WO] |
| | ) | |
| JAMES CARTER, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

This cause is before the court on Plaintiff Scott McArdle's ("McArdle") Motion to Remand. (Doc. # 8.) McArdle contends that Defendants James Carter, Carter & Tate, P.C., and James E. Carter & Associates, LLC (collectively "Defendants") failed to establish the amount in controversy by a preponderance of the evidence as required under 28 U.S.C. § 1332, and seeks remand to the Circuit Court of Montgomery County, Alabama. Defendants oppose the motion (Doc. # 9), arguing that a previous motion filed by McArdle in a related bankruptcy case, "unambiguously establish[es] that at least $136,000.00 is in dispute" in this case, thus meeting the jurisdictional threshold (Doc. # 9, at 4). For the following reasons, McArdle's motion to remand is due to be denied.

**I. BACKGROUND**

McArdle filed his complaint in the Circuit Court of Montgomery County, Alabama, on August 20, 2009, asserting ten claims arising out of a fee-splitting arrangement between McArdle and Defendants. (Compl. (Doc. # 1, Ex. A).) Specifically, McArdle claims that

he and Defendants entered into a binding agreement under which McArdle was entitled to forty percent of attorneys' fees earned from the prosecution of a Georgia civil suit stemming from the death of Justin Hall. (Compl. ¶ 6.) Thereafter, the sole heir to Justin Hall's estate filed for bankruptcy, and the Bankruptcy Trustee hired the attorneys to continue to represent the estate. (Compl. ¶ 10.) McArdle alleges that Defendants subsequently settled a portion of the suit without notifying him, and failed to remit his portion of the fees. (Compl. ¶¶ 12-13.)

## II. DISCUSSION

"[F]ederal courts have a strict duty to exercise the jurisdiction that is conferred upon them by Congress." *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 716 (1996). However, "[f]ederal courts are courts of limited jurisdiction." *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994). Thus, with respect to cases removed to this court pursuant to 28 U.S.C. § 1441, the law of the Eleventh Circuit favors remand where federal jurisdiction is not absolutely clear. "[R]emoval statutes are construed narrowly; where plaintiff and defendant clash about jurisdiction, uncertainties are resolved in favor of remand." *Burns*, 31 F.3d at 1095.

Where the complaint alleges unspecified damages, as in this case, the removing party bears the burden of establishing the jurisdictional amount by a preponderance of the evidence. *Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1209-10 (11th Cir. 2007). A removing defendant can predicate jurisdiction either on the initial pleading, or "an amended pleading,

motion, order *or other paper* from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b) (emphasis added). When a defendant bases removal on a document other than the initial pleading, three specific conditions must be satisfied. There must be "(1) 'an amended pleading, motion, order or other paper,' which (2) the defendant must have received from the plaintiff (or from the court, if the document is an order), and from which (3) the defendant can 'first ascertain' that federal jurisdiction exists." *Lowery*, 483 F.3d at 1215 n.63 (quoting 28 U.S.C. § 1446(b)). The general rule is that evidence "contemplated" by 28 U.S.C. § 1446(b) is evidence "received from the plaintiffs."[1] *Id.* at 1221. Hence, "the defendant's appraisal of the amount in controversy . . . will ordinarily not provide grounds for his counsel to sign a notice of removal in good faith." *Id.* at 1215 n.63; *see also Stroh v. Colonial Bank, N.A.*, No. 4:08-cv-73, 2008 WL 4831752, at *2 (M.D. Ga. Nov. 4, 2008).

Here, Defendants attach a copy of McArdle's "Motion to Disgorge All Attorney['s] Fees, Costs, and Expenses Paid to Attorney James E. Carter" (Doc. # 1, Ex. B) to their Notice of Removal. They assert that McArdle's Motion to Disgorge, which was filed in the United States Bankruptcy Court, constitutes "other paper" under 28 U.S.C. § 1446(b), as discussed in *Lowery*. 483 F.3d at 1215 n.63. McArdle does not address whether the Motion to Disgorge constitutes "other paper" under *Lowery*; instead, McArdle contends that the Motion to Disgorge should not be considered because it relates to a "completely separate matter" and

---

[1] The very narrow exceptions to that rule, *see Lowery*, 483 F.3d at 1215 n.66, are not argued here.

3

because the fees at issue in the bankruptcy motion are not the same fees at issue here. Thus, McArdle appears to contest whether the Motion to Disgorge, along with the Notice of Removal, "unambiguously establish federal jurisdiction." *Id.* at 1213.

McArdle filed the Motion to Disgorge in the bankruptcy court shortly after receiving notice from Carter that a portion of the wrongful death case had settled for an undisclosed amount. (Motion to Disgorge 6 (Doc. # 1, Ex. B).) According to McArdle, his Motion to Disgorge "sought to have the fees that Defendants earned, which were the product of fraud committed on the United States Bankruptcy Court, returned to that Court." (Pl.'s Reply Br. 1 (Doc. # 12).) Although he contends that this filing relates to a completely separate matter, there is no indication that the fees discussed and quantified in McArdle's Motion to Disgorge are anything other than the fees at issue in this case, *i.e.*, the fees received in connection with the prosecution of a civil suit stemming from the death of Justin Hall.

McArdle argues in his reply brief that the Bankruptcy Judge's inability to determine the value of McArdle's services from the evidence presented with his Motion to Disgorge undermines Defendants' arguments regarding the amount in controversy. (Pl.'s Reply Br. 2.) However, the value of McArdle's services is not the only measure of damages in this case. McArdle's complaint alleges that he is entitled to forty percent of "any attorney's fees earned on the matter concerning the death of Justin Hall." (Compl. ¶ 8.) In addition to demanding judgment "in an amount equal to the value of services rendered" (Compl. ¶ 18, Count I), McArdle demands compensatory damages for, among other things, breach of

4

contract (Counts II and III). Thus, the amount in controversy necessarily relates to the amount of attorney's fees Defendants received, not just the value of McArdle's services.

McArdle's Motion to Disgorge states that "fees in the amount of $340,000.00 and expenses in the amount $35,000.00 were paid to Attorney Carter" from the estate of Justin Hall. (Mot. to Disgorge ¶ 19.) Thus, taking the allegations in the complaint as true, McArdle is entitled to forty percent of $340,000.000, or $136,000, and Defendants have established the amount in controversy by a preponderance of the evidence as required under 28 U.S.C. § 1332.

### III. CONCLUSION

For the foregoing reasons, the Motion to Disgorge, attached to Defendants' Notice of Removal, "unambiguously estalish[es] federal jurisdiction," *Lowery*, 483 F.3d at 1213, and, accordingly, it is ORDERED that McArdle's Motion to Remand is DENIED.

DONE this 1st day of February, 2010.

/s/  W.  Keith Watkins
UNITED STATES DISTRICT JUDGE